**COEUR D'ALENE TRIBE, Plaintiff–Appellant,**

**and**

**Kootenai Tribe of Idaho; Nez Perce Tribe, Plaintiffs,**

**v.**

**STATE OF IDAHO, Defendant–Appellee.**

No. 94–35238.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1995.

Decided April 6, 1995.

Raymond C. Givens, Givens, Funke & Work, Coeur d'Alene, ID, for plaintiff-appellant.

David G. High, Deputy Atty. Gen., Boise, ID, for defendant-appellee.

Before: PREGERSON, KOZINSKI, and LEAVY, Circuit Judges.

### ORDER

The judgment of the district court is affirmed substantially for the reasoning advanced in its published opinion, 842 F.Supp. 1268 (Idaho 1994). Our affirmation also is based, in part, on our holding in *Rumsey Indian Rancheria of Wintun Indians v. Wilson,* 41 F.3d 421 (9th Cir.1994).

In *Rumsey,* we held that the Indian Gaming Regulatory Act, 25 U.S.C. § 2710(d)(1)(B), permits Class III gaming activities on Indian lands "only if such activities are ... located in a State that permits such gaming for any purpose...." *Id.* at 425. Thus, we concluded that where a state does not permit gaming activities sought by a tribe, "the tribe has no right to engage in those activities, and the state ... has no duty to negotiate with respect to them." *Id.* In so concluding, we cited with approval Judge Ryan's well-reasoned opinion in the instant case. *Id.* at 427.

Because Idaho does not permit Class III gaming activities, we hold that the Coeur D'Alene Tribe has no right to engage in those activities.

AFFIRMED.